**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:1:14-cv-2668

LATIKA SONEJA,

       Plaintiff,

v.

ROCKY MOUNTAIN FERTILITY CENTER PC,

       Debt Collector.

---

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Latika Soneja ("**Plaintiff**" or "**Ms. Soneja**"), an individual consumer, against Rocky Mountain Fertility Center PC, ( the "**Debt Collector**") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff also seeks damages from the Debt Collector for Intentional Infliction of Emotional Distress.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that the Debt Collector transacts business in this District and the conduct complained of occurred in this District.

## PARTIES

4. Plaintiff is an individual and resides in the County of Arapahoe, State of Colorado.

5. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

6. The Debt Collector is a Colorado corporation that does business in Colorado.

7. The Debt Collector has a place of business at 9235 Crown Crest Blvd., Suite 250, Parker, CO 80138.

8. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

9. The Debt Collector is the original creditor, but is within the definition of a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6), because the Debt Collector collects its own debts in a name other than its own.

## FACTS

10. Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes in that the financial obligation was for medical services.

11. Plaintiff used the services of the Debt Collector during her pregnancy.

12. The debt is a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

13. Between October and November of 2013, Plaintiff made three separate trips to the Debt Collector (the **"Office Visits"**).

14. In 2013, the Debt Collector also performed a surgery on the Plaintiff (the **"Surgery"**).

15. The Debt Collector charged the Plaintiff $346.00 for the Surgery (the **"Surgery Fee"**).

16. Plaintiff paid the Debt Collector forty dollars ($40.00) for each of the Office Visits (the **"Co-Pay Fees"**).

17. Later, Plaintiff received four separate explanation of benefits (the **"EOB"** or **"EOB's"**) from her insurance company, Cigna (**"Cigna"**).

18. The EOB's state that Plaintiff did not owe the Co-Pay Fees for the office visits.

19. The EOB's also state that the Plaintiff did not owe the Surgery Fee.

20. The Plaintiff was only required to pay $14.25 for the Surgery.

21. Plaintiff was entitled to a refund for the Surgery Fee.

22. According to the EOB's, Plaintiff was not required to pay the Co-Pay Fees to the Debt Collector.

23. Plaintiff contacted the Debt Collector to request that the Co-Pay Fees be returned to Plaintiff.

24. The Debt Collector refused to refund the Co-Pay Fees.

25. The Debt Collector refused to refund the Surgery Fee.

26. The Debt Collector told Plaintiff they would appeal Cigna's decision.

27. The Debt Collector appealed Cigna's decision.

28. Cigna denied the Debt Collector's appeal.

29. Plaintiff called Cigna to confirm that the Debt Collector's appeal was denied.

30. Cigna confirmed to Plaintiff that the Debt Collector's appeal was denied and that the Debt Collector owed Plaintiff a refund.

31. Plaintiff contacted the Debt Collector on numerous occasions to obtain a refund of the Co-Pay Amounts and the Surgery Fee.

32. The Debt Collector did not respond.

33. Plaintiff disputed the Co-Pay Amounts with her credit card company (the **"Dispute"**).

34. Upon information and belief, the credit card company contacted the Debt Collector regarding the Dispute.

35. Upon information and belief, the credit card company gave the Debt Collector several weeks to respond.

36. Upon information and belief, the Debt Collector never responded to the credit card company.

37. Plaintiff's credit card company refunded the Co-Pay Fees to the Plaintiff (the **"Refund"**).

38. The Debt Collector then charged Plaintiff a non-sufficient funds fee (the **"Debt"**) for the Refund.

39. Plaintiff contacted the Debt Collector regarding the Debt.

40. The Debt Collector was unwilling to work with the Plaintiff regarding the Debt.

41. The Debt Collector began sending Plaintiff collection letters demanding payment for the Debt.

42. One letter dated March 1, 2014 (the **"Letter"**), states, in pertinent part, "[y]our account is over 90 days past due and has been turned over to collections. Interest will be charged at 8% on all overdue balances. Please contact Healthcare Management at 800-437-2831."

43. Plaintiff called the number for Healthcare Management listed on the Letter.

44. Healthcare Management informed the Plaintiff that it had no information regarding the Debt.

45. Healthcare Management is a subsidiary of A-1 Collections Inc.

46. By sending the Letter, the Debt Collector suggested that Healthcare Management was involved in collection of the Debt.

47. The information in the Letter was false and misleading.

48. The Letter would lead the least sophisticated consumer to believe that a third-party was collecting the Debt.

49. The Debt Collector's conduct caused the Plaintiff emotional distress.

### Respondeat Superior Liability

50. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

51. The acts and omissions complained of herein were committed by an agent employed by the Debt Collector.

4

52. The acts and omissions of the agent complained of herein were within the scope, time, and space limitations of the agency relationship.

53. The acts and omissions by the agent were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by the Debt Collector in collecting debts.

54. By committing these acts and omissions against Plaintiff, the agent was motivated to benefit his or her principal, the Debt Collector.

55. Debt Collector is liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its agent in its attempts to collect a debt from Plaintiff.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

56. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

57. 15 U.S.C. § 1692e(2)(B) prohibits a debt collector from making false representations regarding any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

58. Among other things, the Debt Collector violated 15 U.S.C. § 1692e(2)(B) by charging the Plaintiff non-sufficient funds fees when not permitted to do so.

59. 15 U.S.C. § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

60. Among other things, the Debt Collector violated 15 U.S.C. § 1692e(10) by falsely representing in the Letter that the Debt had been turned over to a third-party collection agency.

61. 15 U.S.C. § 1692e(14) prohibits a debt collector from using the name of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

62. The Debt Collector violated 15 U.S.C. § 1692e(14) by using the name of a third-party collection agency to collect the Debt.

63. 15 U.S.C. § 1692j prohibits a creditor from designing, compiling, or furnishing any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

64. The Debt Collector violated 15 U.S.C. § 1692j by sending out the Letter that created the false belief in the Plaintiff that a third-party collection agency was involved in collecting the Debt when this was not true.

65. The foregoing acts and omissions of the Debt Collector constitute numerous and multiple violations of the FDCPA.

66. Ms. Soneja has suffered and continues to suffer actual damages as a result of the Debt Collector's unlawful conduct.

67. As a direct consequence of the Debt Collector's acts, practices, and conduct, Ms. Soneja has suffered, and continues to suffer, from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

68. Ms. Soneja is entitled to damages in an amount to be determined at trial.

## COUNT II
### (Intentional Infliction of Emotional Distress)

69. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

70. The Debt Collector engaged in extreme and outrageous conduct.

71. The Debt Collector was aware that the Plaintiff was peculiarly susceptible to emotional distress.

72. The Debt Collector did so recklessly or with the intent of causing the Plaintiff severe emotional distress.

73. The Debt Collector's conduct caused the Plaintiff severe emotional distress.

74. Plaintiff is entitled to an amount of damages to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Latika Soneja prays for relief and judgment as follows:

1. Awarding Plaintiff Latika Soneja statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2. Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k;

3. Awarding Plaintiff actual damages for intentional infliction of emotional distress;

4. Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

5. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

6. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff Latika Soneja is entitled to and hereby demands a trial by jury.

Dated: September 26, 2014

///

///

///

///

///

Respectfully submitted,

/s/ Ahson Wali
Ahson B. Wali
Vedra Wali LLC
1435 Larimer St. Suite 302
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: daniel.vedra@vwfirm.com
ahson.wali@vwfirm.com